claim, namely, a claim of damages for deceit. Whether that claim is well or ill-founded is a question that must be left to the tribunal before which the case is brought. It is impossible that I should try it on habeas corpus. Suppose the declaration were for damages in trespass or case, slander or assault, it is very plain that I could not inquire, on habeas corpus, whether any assault or slander had been committed; even the court before whom the case is pending could not do that. And this is admitted in argument. But how does it vary the case that the action is founded on a fraud which the petitioner says never was committed? If no fraud was committed, the plaintiff has no just cause of action concerning the matters declared on, but that does not show that the action is founded on a debt or claim from which the discharge in bankruptcy would release him, but only that it has no foundation whatever.

It is said that Judge Blatchford has decided that the district court will, on habeas corpus, inquire into the fact of fraud, and uphold or discharge the arrest according to the result of the inquiry. In re Kimbal [Case No. 7,767]; In re Glaser [Id. 5,474]. But in both these cases the action was founded upon a simple contract debt, which, on its face, would be provable and discharged in bankruptcy, and the arrest only was founded on ex parte affidavits of fraud. And, if I am rightly informed of the New York practice, such an arrest might be discharged by the court that ordered it, and perhaps by some other courts upon just such a preliminary hearing as Judge Blatchford granted. If so, it was of no special consequence whether one court or the other should undertake that investigation; both having jurisdiction of assets of bankrupts. The course taken was certainly a liberal one for the creditor who had not in terms founded his action on the fraud; but it would seem to work equal and exact justice under the operation of the laws of arrest in New York. I am not sure that in the district the creditor must not stand or fall on the record on which he causes the arrest to be made. In this case the whole foundation of the action is the fraud, and the arrest is only an incident, not depending at all on the fraud, but on the fact that the defendant is a non-resident; and to try the question of fraud is to try not merely the validity of the arrest, but the whole case. This action is a civil action, but it is not founded on any debt, excepting in the very largest sense, certainly not on any provable and dischargeable debt; and if every allegation in the writ be wholly false and malicious, still it is a matter with which this court has not, under this part of the law, any more concern than if the petitioner were not a bankrupt. I have no authority, in this summary mode, to relieve from imprisonment, on state process. persons who, whether bankrupts or not, are unjustly charged concerning matters not coming within my cognizance. What remedies there may be in such an extreme case it is not necessary to inquire. It is strongly urged, by the provisions of the act of February 5, 1867 (14 Stat. 385, § 1), that the petitioner may aver and prove any facts which tend to show that he is unjustly detained under the forms of law and under state authority in contravention of the constitution or laws of the United States. That statute enlarges the jurisdiction of this court, and gives me power to hear and determine this case, and it certainly intends that the return to the writ should not be conclusive, but that the real facts of the detention may be shown by evidence. But I do not understand that it expects a judge to decide the merits of a case on habeas corpus. In deciding that the arrest of the petitioner is not prohibited by the bankrupt law, I have not decided that he is not imprisoned in contravention of the very law of the United States that has been relied on for his release.

## Case No. 3,844.

### DEVOE v. The FASHION.

[4 Am. Law J. (N. S.) 279; 25 Hunt, Mer. Mag. 718; 14 Law Rep. 450.]

District Court, S. D. New York. Oct. 11, 1851.

CHARTER PARTY—CHARTERER—WHEN OWNER.

Held, that a charter of a ship for a voyage or term of time, the charterer to victual and man her, and have entire control of her, renders the charterer owner for the time, and the real owner is not responsible for the contracts of the master durante tempore, if the creditor have notice of such charter. Held, that a sloop and craft navigating the waters of the state, or its vicinity, and taken by the master on condition that he victual and man her, and divide the earnings of the vessel with the owner, if such arrangement is known to the hands or seamen, the vessel is exempt from liability to the seamen for their wages on such hiring. Libel dismissed, with costs.

Isaac Devoe against the sloop Fashion.
Before Betts, District Judge.

## Case No. 3,845.

### DEVOE et al. v. PENROSE FERRY BRIDGE CO.

[3 Am. Law Reg. (O. S.) 79; 5 Pa. Law J. Rep. 313.]

Circuit Court, E. D. Pennsylvania. 1854.

INTERSTATE COMMERCE —ENJOINING ERECTION OF BRIDGES — JURISDICTION OF FEDERAL COURTS— PROCEDURE.

1. A court of the United States. has the power to prevent, by injunction. the present or future erection of any bridge under the authority of one of the states, that by its construction will interfere with the navigation of a public stream upon which there is a commerce to any considerable extent with other states, though such stream lies wholly within the limits of the state. The